# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMIN USA, INC and WARBURTON TECHNOLOGY LTD, <br><br> Plaintiffs, <br> v. <br><br> WALCO INTERNATION, INC., SPARHAWK LABORATORIES, INC., VETERINARY LABORATORIES, INC., SPARHAWK LABORATORIES, INC. and VETERINARY LABORATORIES, INC., as a Joint Venture, aka SPARHAWK VET LABS, <br><br> Defendants. | CV F 06-0226 AWI SMS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION <br><br> ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION <br><br> (Documents #20, #21, #23 & #24) |

Plaintiffs have filed a complaint alleging violations of the Lanham Act and violations of California law. The court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Pending before the court is Plaintiffs' motion for a temporary restraining order, Defendants' motion to dismiss for improper venue or alternatively transfer, and Defendants Veterinary Laboratories, Inc., Sparkhawk Laboratories, Inc., and Sparhawk Vet Labs' motion to dismiss for lack of personal jurisdiction.

## BACKGROUND

On February 28, 2006, Plaintiffs filed a complaint. The first cause of action alleges a violation of the Lanham Act for Defendants' infringement of Plaintiffs' marks. The second cause of action alleges unfair competition by infringement of common-law rights. The third cause of action alleges a violation of the Lanham Act for Defendants' false designation of origin.

The fourth cause of action alleges dilution in violation of the Lanham Act. The fifth cause of action alleges misappropriation of trade secrets pursuant to California law. The sixth cause of action alleges misappropriation of trade secrets in violation of common law. The seventh cause of action alleges breach of a written distribution contract by Defendant Walco International, Inc. ("Walco"). The eighth cause of action alleges breach of fiduciary duty by Defendant Walco. The ninth cause of action alleges conversion by Defendant Walco. The tenth cause of action alleges fraud by Defendant Walco. The eleventh cause of action alleges constructive fraud by Defendant Walco.

On March 3, 2006, Plaintiffs filed a motion for a temporary restraining order and motion for expedited discovery. On March 9, 2006, Defendants filed an opposition.

On March 9, 2006, Defendants Veterinary Laboratories, Inc., Sparhawk Laboratories, Inc., and Sparhawk Vet Labs filed a motion to dismiss for lack of personal jurisdiction.

On March 9, 2006, Defendants filed a motion to dismiss for improper venue or alternatively to transfer this action to the United States District Court for the Northern District of Texas, Fort Worth Division. Defendants contend that the claims in this action arise out of an agreement which contains a valid forum selection clause.

On March 10, 2006, the court held a hearing on the pending motions. The court found that the issues of personal jurisdiction and venue needed to be decided before the court addressed the motion for a temporary restraining order. The court found that the harm to Plaintiffs caused by a short continuance to allow briefing on personal jurisdiction and venue would not irreparably harm Plaintiffs. The court then set a briefing schedule.

On March 20, 2006, Plaintiffs filed an opposition to Defendants' venue motion. Plaintiffs contend that venue is appropriate in this court because of the parties' contacts with California. Plaintiffs contend that the forum selection clause should not be followed because it violates California's public policy. In the event the court finds the forum selection clause requires transfer, Plaintiffs ask the court sever the seventh through eleventh causes of action

2

1  because they do not arise out of the agreement.  On March 20, 2006, Plaintiffs also filed an
2  opposition to the motion to dismiss for lack of personal jurisdiction.
3      On March 27, 2006, Defendants filed replies.   Concerning their venue motion,
4  Defendants contend that the forum selection clause trumps the venue statutes Plaintiffs rely upon.
5   Defendants contend Plaintiffs have not met their burden to show that the clause should not be
6  enforced.   Defendants contend that all claims should be transferred because they are related to
7  and are predicated upon the distribution agreement between the parties.

## LEGAL STANDARD

9      Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal of the
10  case on the basis of improper venue.  See Fed. R. Civ. P. 12(b)(3); Abrams Shell v. Shell Oil Co.,
11  165 F.Supp.2d 1096,1102 (C.D. Cal. 2001).  The plaintiff bears the burden of showing that venue
12  is proper in the chosen district.  Koresko v. Realnetworks, Inc., 291 F.Supp.2d 1157, 1160 (E.D.
13  Cal. 2003); American Homecare Fed'n v. Paragon Sci. Corp., 27 F.Supp.2d 109, 112 (D. Conn.
14  1998); see also Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th
15  Cir.1979) (holding that plaintiff bears the burden to show proper venue in context of summary
16  judgment).  When there are multiple parties and/or multiple claims in an action, the plaintiff must
17  establish that venue is proper as to each defendant and as to each claim.  Pacer Global Logistics,
18  Inc. v. AMTRAK, 272 F.Supp.2d 784, 788 (E.D. Wis. 2003); Bearse v. Main St. Invs., 170
19  F.Supp.2d 107, 116 (D. Mass. 2001); Payne v. Marketing Showcase, Inc., 602 F.Supp. 656, 658
20  (N.D. Ill. 1985).  Unlike a motion for dismissal under Rule 12(b)(6), the court may consider
21  supplemental written materials and consider facts outside of the pleadings in deciding a Rule
22  12(b)(3) motion without transforming the motion it into a motion for summary judgment.  See
23  Agueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996); Travelers Cas. And Sur. Co.
24  of Am. v. Telstar Constr. Co., 252 F.Supp.2d 917, 922 (D. Ariz. 2003).  Furthermore, the court
25  need not accept the plaintiff's pleadings as true, but the court  must draw all reasonable
26  inferences and resolve all factual conflicts in favor of the non-moving party.  See American

Home Assurance Co. v. TGL Container Lines, Ltd., 347 F.Supp.2d 749, 755 (N.D. Cal. 2004). Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a). See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992); Kawamoto v. CB Richard Ellis, Inc., 225 F.Supp.2d 1209, 1212 (D. Haw. 2002). A court need not have personal jurisdiction over the defendant in order to transfer, rather the court may order transfer so that jurisdiction may be established in the "transferee court." See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962); Abrams Shell, 165 F.Supp.2d at 1103.

     Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of jurisdiction over a defendant. When a defendant files a motion to dismiss based on lack of personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction to avoid dismissal. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir.1987); Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir.1986) In order to establish personal jurisdiction, a plaintiff must demonstrate both that the forum state's long-arm statute confers personal jurisdiction over out-of-state defendants and that the exercise of jurisdiction does not violate federal due process. Gray & Co. v. Firstenberg Machinery Co., 913 F. 2d 758, 760 (9th Cir. 1990).

## FACTS

**A. Facts Alleged in the Complaint**

     Plaintiff Warburton created a product with the trademark Multimin(r). Multimin(r) is an injectable nutrient for animals. It contains a secret formula, which was patented on October 28, 2003. This product is sold and distributed in the United States and in foreign companies. Plaintiff has used the mark Multimin(r) since March 1, 1999.

     On March 1, 1999, Plaintiff Warburton entered into an agreement ("Agreement") with Defendant Walco to distribute Multimin(tm). The Agreement stated that the technology and patent rights arising out of the product belonged to Plaintiffs. The Agreement included a secrecy

4

clause that was binding on Defendant Walco for five years. During this time, Walco was prohibited from using, bottling, selling, and/or distributing the product called Multimin, Multimin(tm), and Multimin(r).

During the last month of the Agreement, Walco made a large purchase of bulk Multimin(r). Since that time, Walco and the other Defendants have bottled, labeled, distributed, sold and/or marketed the secret formula known as Multimin(r) under the labels "MineralMax(tm)", "Multimin(tm)", and "MineralMaxII(tm)"  Plaintiffs contend that MineralMax(tm) and Multimin(tm) have the same formula as Multimin(r). Plaintiffs contend that MineralMaxII(tm) has the same formula as Plaintiffs' Multimin(r) Cattle, which is an improvement on Multimin(r). Plaintiffs contend that Defendants use of their names and marks without permission is likely to cause confusion, mistake, and to deceive the market place.

**B. Facts Submitted by Defendants**

Defendants submit the Agreement to Appoint a Distributor referred to in Plaintiff's complaint. The Agreement appoints Walco as the exclusive distributor of Multimin. Subject to minor exceptions, the Agreement requires Walco "to treat as strictly confidential all information of whatsoever nature which it may obtain" from Plaintiffs for five years. Under the subsection entitled Governing Law and Jurisdiction, the Agreement provides as follows:

> The validity, construction and performance of this Agreement shall be governed by the laws of Texas, United States of America. Venue for any dispute arising under the terms of the contract shall be those of Tarrant County, Texas.

## DISCUSSION

**A. Venue**

Defendants contend that venue is not appropriate in this court, and the court should either dismiss this action or transfer it to the Norther District of Texas, Fort Worth Division. Title 28 U.S.C. § 1391(b) provides for venue in federal question actions:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions

>giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, venue is not proper under Section 1391(b)(1) because all defendants do not reside in California. Plaintiffs contend venue is proper under Section 1391(b)(2) because a substantial part of the events occurred in this judicial district. In this action, it is unnecessary for the court to determine if a substantial part of the events occurred in California rather than Kansas or Texas, where the allegedly trademark infringing material is manufactured. The Agreement between the parties contained a forum selection clause.

Parties may by contract designate the forum in which any litigation is to take place, and litigation commenced elsewhere may be subject to dismissal for improper venue. See, e.g., Carnival Cruise Lines v. Shute, 499 U.S. 585 (1991); Spradlin v. Lear Siegler Mgt. Services, 926 F.2d 865, 866 (9th Cir.1991); TAAG Linhas Aereas de Angola v. Transamerica Airlines, 915 F.2d 1351 (9th Cir.1990). In a federal question action, such as the one before this court, the validity and effect of a forum-selection clause is controlled by federal standards. Carnival Cruise Lines, 499 U.S. at 588-89; TAAG Linhas, 915 F.2d at 1353. Forum selection clauses are presumptively valid unless the party challenging enforcement demonstrates that the clause is "invalid" or that its enforcement would be "unreasonable." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972); Murphy v. Schneider National, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004); see also Carnival Cruise Lines, 499 U.S. at 589. "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" Murphy, 362 F.3d at 1140 (quoting Bremen, 407 U.S. at 15). The Ninth Circuit has found that a forum selection clause should be followed unless:

>(1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

6

1 Argueta, 87 F.3d at 325 (internal quotation marks and citations omitted).

### *1.  Mandatory Forum Selection Clause*

A forum selection clause will be enforced where venue is specified with mandatory language. Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir.1989). If the forum selection clause's language is non-mandatory, the forum selection clause will not preclude suit elsewhere. Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817, 75, 77 (9th Cir. 1987). To be a mandatory forum selection clause, the clause must contain language that clearly designates a forum as the exclusive one. Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995). Here, the parties do not dispute that the Agreement's form selection clause is mandatory. The Ninth Circuit has found that where venue is specified with mandatory language, a forum selection clause will be enforced. Docksider, 875 F.2d at 763. In Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762 (9th Cir. 1989), the forum selection clause stated:

> This agreement shall be deemed to be a contract made under the laws of the State of Virginia, United States of America, and for all purposes shall be interpreted in its entirety in accordance with the laws of said State. Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia.

Id. at 763. The Ninth Circuit found that this forum selection clause was mandatory. Id. As in Docksider, the forum selection clause here mandates that venue for any dispute arising under the Agreement **shall** be those of Tarrant County, Texas. Thus, the forum selection clause is mandatory, and the court must enforce it.

### *2. Public Policy*

Plaintiffs contend that the court should not enforce the forum selection clause because it contrives an important public policy of California. A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Enforcement of a forum selection clause is unreasonable where it would "contravene a strong public policy of

the forum in which suit is brought." Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d 1336, 1338 (9th Cir. 1997); Argueta, 87 F.3d at 325. "The existence of a forum selection clause cannot preclude the district court's inquiry into the public policy ramifications of transfer decisions." Red Bull Assocs. v. Best Western Int'l, Inc., 862 F.2d 963, 967 (2nd Cir. 1988).

In Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d 1336 (9th Cir. 1997), the Ninth Circuit approved a forum selection clause that required a claim for cargo damage be brought in Korea. Id. at 1338-40. In that case, the plaintiff brought claims for cargo damage in both an in rem action against the vessel and an in personam action against the vessel's charterer. Id. at 1339. The plaintiff argued that the court should not enforce the forum selection clause because in rem proceedings were not available under Korean law. Id. The Ninth Circuit rejected this argument and held that the district court abused its discretion when it declined to enforce the clause. Id. at 1338-40. The Ninth Circuit found that loss of the right for in rem proceedings was insufficient to invalidate the forum clause on public policy grounds. Id. at 1338. The Ninth Circuit remanded the case to the district court to dismiss the in rem and in personam proceedings for "want of jurisdiction," finding that the "inability to proceed in rem is not sufficient to require us to set aside the forum clause on public policy grounds." Id. at 1338 &1340.

In Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir 2000), a franchise agreement for a California store required the franchisee to file any suit against the franchiser in Pennsylvania (where the franchiser's principal office was located). The franchisee filed suit against the franchiser in California, despite the forum selection clause. Id. at 496. The Ninth Circuit upheld the district court's repudiation of the forum selection clause because California law specifically provides that a "provision in a franchise agreement restricting venue to a forum outside this state is void. . . ." Id. at 498 (quoting Cal. Bus. & Prof.Code § 20040.5). The Ninth Circuit reasoned that California Business and Professions Code § 20040.5 expresses a strong public policy to protect California franchisees from the expense, inconvenience, and possible prejudice of

litigating in a non-California venue. Id. As such, the forum selection clause was not enforced on public policy grounds.

The facts underlying this action are different from those in Jones. California law specifically held that restrictions on venue were void in disputes arising out of forum selection clauses. Here, there is California law that relates to breach of contract and trade secrets. However, this body of law is unrelated on its face to venue. There is no argument or authority that California law voids forum selection clauses in breach of contract or trade secret cases.

Plaintiffs contend a strong public policy requires the court to keep this action in California because Texas does not provide a statutory basis for Plaintiffs' trade secret claims. Plaintiffs argue that in Texas, Plaintiffs will be forced to proceed under only a common law count regarding their potential trade secret claims. The forum selection clause determines where the case will be heard. It is separate and distinct from choice of law provisions that are not before the court. Plaintiffs' contention that California public policy would be contravened if the forum selection clause is upheld is speculative. For the court to determine that enforcing the forum selection clause would violate California's public policy based on Plaintiffs' argument, the court would have to surmise that Plaintiffs will be able to successfully argue that California law applies despite the choice of law provision in the Agreement. In addition, Plaintiffs provide no argument or evidence that Texas courts are unable to address the legal issues raised in this action, including trade secret claims. Plaintiffs have not shown that they will be denied their day in court. Plaintiffs appear to have a remedy under Texas law for any trade secrets claims. See Trilogy Software, Inc. v. Callidus Software, Inc., 143 S.W.3d 452, 463 (Tex.App.-Austin 2004) (elements of misappropriation of a trade secret are: (1) existence of a trade secret; (2) breach of a confidential relationship or improper discovery of a trade secret; (3) use of the trade secret; and (4) damages). Plaintiffs' argument regarding public policy prohibiting the court from following the forum selection clause is speculative, and Plaintiffs have failed to meet their burden to show that enforcement of the forum selection clause would be "unreasonable and unjust." See

Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 515 (9th Cir.1988) (upholding enforcement of forum selection clause where plaintiff's contention of unreasonableness "speculative" and reflecting provincial attitude toward foreign tribunal). Thus, the court will not decline to enforce the forum selection clause on public policy grounds.[1]

### 3. *Severance of Causes of Action.*

Plaintiffs request that, if the court finds it must enforce the forum selection clause, the court sever the first six causes of action and only transfer the seventh through eleventh causes of action. Plaintiffs argue that only the seventh through eleventh causes of action relate in any way to the Agreement. Defendants contend that all of Plaintiffs' causes of action are related to and are predicated upon Plaintiffs' contention that Defendants violated the Agreement. Plaintiffs argue that the first six causes of action have nothing to do with the Agreement other than showing Walco had knowledge of Plaintiffs' trade secrets.

Federal law applies in the analysis of the effect and scope of a forum selection clause. Manetti-Farrow, 858 F.2d at 513. "It is well established that 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'" Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc., 949 F.Supp. 1427, 1434 (N.D.Cal.1997); see also Manetti-Farrow, 858 F.2d at 514 n.5 ("range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.") Even if claims in an action do not allege breach of the contract containing the forum selection clause, the forum selection clause still applies if the claims asserted arise out of the contractual relation or implicate the contract's terms. Manetti-Farrow, 858 F.2d at 514; Crescent Intern., Inc. v. Avatar Communities, Inc., 857 F.2d 943, 944-45 (3d Cir. 1988); see also Hugel v. Corporation of Lloyd's, 999 F.2d 206, 209 (7th Cir. 1993) ("Regardless of the duty sought to be enforced in a particular cause of action, if the

---

[1] Because Plaintiffs do not allege the forum selection clause's incorporation into the Agreement was the result of fraud, undue influence, or overweening bargaining power or that the imposed forum is so gravely difficult and inconvenient that Plaintiffs will be deprived of their day in court, the court has not addressed these other grounds to not enforce a forum selection clause.

10

duty arises from the contract, the forum selection clause governs the action."); Bense v. Interstate Battery System of America, 683 F.2d 718, 720 (2d Cir.1982) ( holding that a forum selection clause applied to anti-trust claims because a forum selection clause covers "causes of action arising directly or indirectly from" the agreement).  The court should uphold a forum selection clause where the claims alleged in the complaint relate to the interpretation of the contract. Graham Technology Solutions, Inc. v. Thinking Pictures, Inc., 949 F.Supp. 1427, 1433 (N.D.Cal.1997) (emphasis in original) (citing Manetti-Farrow, 858 F.2d at 514).

In this case, the parties agree that the Agreement is at issue for the breach of contract cause of action, the breach of fiduciary cause of action, the conversion cause of action, and the fraud causes of action.  However, Plaintiffs maintain that the Agreement does not relate to the Lanham Act causes of action, the unfair competition cause of action, the statutory misappropriation of trade secrets cause of action, and the common law trade secrets cause of action.  In the complaint, Plaintiffs allege the Agreement contains the circumstances under which Defendants can use Plaintiffs' marks and the existence of a secrecy clause.  The Lanham Act causes of action, unfair competition causes of action, and trade secret causes of action are directly related to interpretation of the Agreement between Plaintiffs and Defendants.  All of Plaintiffs' claims are predicated on Plaintiffs' contention that Defendants violated the Agreement, which gave Defendants access to Plaintiffs' secret formula.  The Agreement contained the terms of Defendants' use of Plaintiffs' mark and provided Defendants with potentially secret information about Plaintiffs' products.  All claims cannot be adjudicated without analyzing whether the parties were in compliance with the Agreement.   Thus, the court will not sever the causes of action before the court.

### *4.  Transfer*

Plaintiffs contend that if the court decides venue should be changed, the court should transfer this action instead of dismissing it.  Defendants do not oppose transfer.  As the forum selection clause is enforceable and the claims in the complaint fall within the scope of the clause,

the court must enforce the forum selection clause found in the Agreement.  Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a). See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992); Kawamoto v. CB Richard Ellis, Inc., 225 F.Supp.2d 1209, 1212 (D. Haw. 2002). In determining whether to transfer or dismiss a case, the court may consider:  the applicable statute of limitations, the relative injustice imposed on the parties, whether the suit was filed in bad faith or for harassment, whether the plaintiff has requested or shown an interest in a transfer, and whether the chosen venue was clearly or obviously improper.  See Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201-02 (4th Cir. 1993); King, 963 F.2d at 1304-05; Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 588 (9th Cir. 1992); Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1523 (9th Cir. 1983).  Here, the parties request this case be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division.  Where a forum selection clause can be enforced by transferring a case to an appropriate federal district court, transfer is generally in the interests of justice.  See Pratt v. Silversea Cruises, Ltd., 2005 U.S. Dist. LEXIS 14339 at *13 (C.D. Cal. 2005); Flake, 882 F.Supp. at 949; cf. Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).  Based on the parties' request and in the interests of justice, the court will transfer this action to the United States District Court for the Northern District of Texas, Fort Worth Division.

**B.  Personal Jurisdiction**

Defendants Veterinary Laboratories, Inc., Sparhawk Laboratories, Inc., and Sparhawk Vet Labs have also filed a motion to dismiss for lack of personal jurisdiction.  Plaintiffs bear the burden of establishing that the court has personal jurisdiction over all Defendants.  See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-801 (9th Cir. 2004); Mattel, Inc. v. Greiner & Hausser, GmbH, 354 F.3d 857, 862 (9th Cir. 2003); Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).  When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting

12

personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986); Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977).

A court need not have personal jurisdiction over a defendant in order to transfer, rather the court may order transfer so that jurisdiction may be established in the "transferee court." See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962); Abrams Shell v. Shell Oil Co., 165 F.Supp.2d 1096, 1103 (C.D.Cal. 2001). In this case, the court has found venue in this district inappropriate. Given the resolution of the motion regarding venue, Defendants' Rule 12(b)(2) motion is denied without prejudice as moot. See Abrams Shell, 165 F.Supp.2d at 1110 (granting Rule 12(b)(3) motion, transferring case under 28 U.S.C. § 1406(a), denying Rule 12(b)(2) motion as moot, and denying Rule 12(b)(6) motion without prejudice to re-filing in transferee court).

**C. Motion for a Temporary Restraining Order**

Plaintiffs have asked for a temporary restraining order and preliminary injunction. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). This court has found

13

that venue is not proper in this district, and that this action should be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division.  Because this court is transferring this action, the court declines to enter an injunction.  The court finds Plaintiffs will not be irreparably injured during the short time they will have to wait until the United States District Court for the North District of Texas, Fort Worth Division, can rule on the pending motion for a temporary restraining order.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendants' motion to transfer to the United States District Court for the Northen District of Texas, Fort Worth Division is GRANTED;

2. Defendants' motion to dismiss for lack of personal jurisdiction in the United States District Court for the Eastern District of California is DENIED without prejudice as moot; and

3. The Clerk of the Court is DIRECTED to transfer this action to the United States District Court for the Northen District of Texas, Fort Worth Division.

IT IS SO ORDERED.

**Dated:     April 7, 2006**              /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE

14